IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHANE MERZ<br>Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO._____ |
| | § § | |
| JOHN DOE<br>Defendant. | § § | |

## ORIGINAL COMPLAINT

COMES NOW, Plaintiff Shane Merz ("Plaintiff" or "Merz"), and files his Original Complaint against John Doe ("John Doe" or "Defendant") for violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, and the Stored Communications Act, 18 U.S.C. § 2701, *et seq.* In support thereof, Plaintiff states as follows:

### JURISDICTION AND VENUE

1. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under 18 U.S.C. § 1030 (the Computer Fraud and Abuse Act) and 18 U.S.C. § 2701, *et seq.* (the Stored Communications Act). This Court additionally has diversity jurisdiction under 28 U.S.C. § 1332 because the Plaintiff is a Texas resident and John Doe appears to be a citizen or subject of Lithuania, a foreign state.

2. Venue in this Court is proper pursuant to 28 U.S.C. § 1391, as a substantial part of the events giving rise to the Plaintiff's claims occurred within this judicial district.

### PARTIES

3. Plaintiff Shane Merz is an individual currently residing in Harris County, Texas.

4.      The identify of Defendant John Doe is currently unknown. The Complaint will be amended to reflect the true identity once it has been discovered. Defendant John Doe accessed the Plaintiff's email account through the IP address 78.56.116.50, located in Lithuania.

## FACTS

5.      Plaintiff is an alumnus of the Massachusetts Institute of Technology ("MIT"). He possesses an MIT email account in connection with his education at MIT and his status as a graduate of the institution.

6.      Plaintiff's MIT email account was hacked on August 28, 2016 from an IP address in Lithuania. At that time, the hacker set up email forwarding so that all of Plaintiff's MIT account emails would be forwarded to a separate fraudulent email account, mitmaintanance@alumni.com.

7.      In 2016, MIT did not have a notification system in place that would notify users when an email address was added or removed or when email forwarding was initiated. As a result, Plaintiff did not become aware of the fraudulent email account activity until July 2018. On July 9, 2018, at the time that the email account breach was discovered, the email forwarding to the hacker's account was removed.

8.      Since becoming aware of the fraudulent activity, Plaintiff has sought to gain information and access to John Doe's fraudulent email account through contact with the web hosting company. The web host for John Doe's email account is 1&1 Internet, Inc. 1&1 Internet, Inc. is a Delaware corporation with its United States headquarters located in Chesterbrook, Pennsylvania. On July 13, 2018, Plaintiff requested that 1&1 Internet, Inc. freeze the hacker's email account due to the fact that the account had been used to perpetrate fraud.

## CAUSE OF ACTION
## COMPUTER FRAUD AND ABUSE ACT
## (18 U.S.C. § 1030)

9. Plaintiff realleges and incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

10. Plaintiff's computers are involved in interstate commerce and communication, and, thus, are protected computers under 18 U.S.C. § 1030.

11. Upon information and belief, John Doe knowingly and intentionally accessed Plaintiff's computer and/or computer server without authorization or in excess of authorization, and thereby obtained and used valuable information from those computers in violation of 18 U.S.C. § 1030(a)(2)(C).

12. Upon information and belief, John Doe intentionally accessed a protected computer or computers without authorization, and as a result of such conduct, caused damage and loss, in violation of 18 U.S.C. § 1030(a)(5)(C), or recklessly caused damage, in violation of 18 U.S.C. § 1030(a)(5)(B).

13. Upon information and belief, John Doe, knowingly and with intent to defraud, trafficked password or similar information through which a computer may be accessed without authorization, and such trafficking affected interstate or foreign commerce in violation of 18 U.S.C. § 1030(a)(6)(A).

14. John Doe intentionally accessed a protected computer without authorization, and as a result of such conduct, has caused damage.

15. The damage caused includes a loss aggregating more than the $5,000 amount required under 18 U.S.C. § 1030(a)(5)(B)(i).

16. Plaintiff suffered damage and loss as a consequence of John Doe's actions, potentially including but not limited to the cost of investigating and responding to the unauthorized access and abuse of Plaintiff's computer networks, conducting damage assessments, restoring and replacing computers and data, programs, systems, or information, the loss of the value of the Plaintiff's trade secrets, and the harm to the Plaintiff's business. Plaintiff seeks compensatory and other equitable relief under 18 U.S.C. § 1030(g).

## CAUSE OF ACTION
## UNLAWFUL ACCESS TO STORED COMMUNICATIONS
## (18 U.S.C. §§ 2707 and 2707 )

17. Plaintiff realleges and incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

18. Plaintiff is a "person" within the meaning of 18 U.S.C. §§2510(6) and 2707(a).

19. Upon information and belief, John Doe willfully and intentionally accessed without authorization a facility through which an electronic communication service is provided and/or intentionally exceeded an authorization to access that facility, thereby obtaining access to Plaintiff's electronic communications while they were in electronic storage, in violation of 18 U.S.C. §2701, *et seq*.

20. As a result of these willful and intentional violations, Plaintiff has suffered damages and, as provided for in 18 U.S.C. §2707, John Doe is labile to Plaintiff for damages and reasonable attorney's fees.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon final hearing and trial hereof, this Court enter judgment in his favor, and seeks such relief as specified below for all Counts for which such relief is provided by law:

(a) An award of actual damages;

(b) An award of exemplary damages;

(c) Attorneys' fees and costs to the full extent permitted under applicable law;

(d) An award of pre-judgment and post-judgment interest; and

(e) Such other and further relief as the Court may deem appropriate.

Respectfully submitted,

_____
Mark R. Zeidman
S.D. ID No. 2127
Texas Bar No. 22255900
Email: mzeidman@fbfk.law
9 Greenway Plaza, Suite 500
Houston, Texas 77046
Telephone: 713-403-4200
Facsimile: 713-403-4201

ATTORNEY-IN-CHARGE AND COUNSEL FOR
PLAINTIFF SHANE MERZ

OF COUNSEL:
FERGUSON BRASWELL FRASER KUBASTA PC
9 Greenway Plaza, Suite 500
Houston, Texas 77046
Telephone: 713-403-4200
Facsimile: 713-403-4201